IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT MCREAKEN and ) <br> ANTHONY TOLIVER ) <br> ) <br>    Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> ILLINOIS DEPARTMENT OF CORRECTIONS, ) <br> OFFICER NEIL KELLERMAN, Star #10449 ) <br> OFFICER LUKE HICKS, Star #9421, ) <br> LIEUTENANT KEITH HUBLER, Star #12102, ) <br> SERGEANT BRADLEY DEDECKER, ) <br> Star #3646, and MAJOR DEREK CLELAND, ) <br> Star #692 ) <br> ) <br>    Defendants. ) | Case No: 21-cv-584 <br><br> Judge <br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiffs, SCOTT MCREAKEN and ANTHONY TOLIVER, by and through counsel, Jared S. Kosoglad, P.C., complaining of the Defendants, the Illinois Department of Corrections, Officer Neil Kellerman, Star #10449, Officer Luke Hicks, Star #9421, Lieutenant Keith Hubler, Star #12102, Sergeant Bradley Dedecker, Star #2646, Major Derek Cleland, Star #692 and states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

3. PLAINTIFF Scott McReaken is a citizen of the United States of America, who is currently an inmate at Pontiac Correctional Center, Pontiac, Illinois.

4. PLAINTIFF Anthony Toliver is a citizen of the United States of America, who is currently an inmate at Joliet Treatment Center in Joliet, Illinois.

5. DEFENDANTS Neil Kellerman, Star #10449, is a correctional officer at Pinckneyville Correctional Center. Defendant was at the time of this occurrence, a duly licensed officer with the Illinois Department of Corrections. At all times relevant to this Complaint, Defendant acted under color of law and within the scope of their employment with the Illinois Department of Corrections.  They are sued in their individual capacity.

6. DEFENDANT Luke Hicks, Star #9421,  is a correctional officer at Pinckneyville Correctional Center. Defendant was at the time of this occurrence, a duly licensed officer with the Illinois Department of Corrections. At all times relevant to this Complaint, Defendant acted under color of law and within the scope of their employment with the Illinois Department of Corrections.  They are sued in their individual capacity.

7. DEFENDANT Keith Hubler, Star #12102, is a lieutenant at Pinckneyville Correctional Center. Defendant was at the time of this occurrence, a duly licensed officer with the Illinois Department of Corrections. At all times relevant to this Complaint, Defendant

acted under color of law and within the scope of their employment with the Illinois Department of Corrections.  They are sued in their individual capacity.

8. DEFENDANT Bradley Dedecker, Star #3646, is a sergeant at Pinckneyville Correctional Center. Defendant was at the time of this occurrence, a duly licensed officer with the Illinois Department of Corrections. At all times relevant to this Complaint, Defendant acted under color of law and within the scope of their employment with the Illinois Department of Corrections.  They are sued in their individual capacity.

9. DEFENDANT Derek Cleland, Star #692, is a major at Pinckneyville Correctional Center. Defendant was at the time of this occurrence, a duly licensed officer with the Illinois Department of Corrections. At all times relevant to this Complaint, Defendant acted under color of law and within the scope of their employment with the Illinois Department of Corrections.  They are sued in their individual capacity.

10. DEFENDANT Illinois Department of Corrections is an entity of the State of Illinois. Defendant maintains jail facilities thorughout the state, including Pinckneyville Correctional Center and is responsible for the administration of Pinckneyville Correctional Center.

## FACTUAL ALLEGATIONS

11. Plaintiffs adopt and re-allege the above paragraphs as though fully set forth herein.
12. Plaintiff McReaken got into a verbal argument with Defendant Kellerman when Plaintiff McReaken asked to be taken off crisis watch while at Pinckneyville Correctional Center.
13. Defendant Kellerman gave Plaintiff McReaken a few empty trays over the next two days, depriving McReaken of food.

14. On November 7, 2019, at around 10:00 a.m., Defendants Hicks, Hubler, Dedecker and Cleland opened the shower and attacked Plaintiff McReaken.

15. During the attack on McReaken in the shower, Defendants Hicks, Hubler, Dedecker and Cleland used excessive and unnecessary force and each failed to intervene in the misconduct of the others despite having the opportunity to do so.

16. Back in his cell, Defendant Kellerman then deployed excessive and unnecessary force against Plaintiff McReaken by punching him without any lawful justification.

17. On November 7, 2019, after the altercation with Plaintiff McReaken, Plaintiff Toliver had a disagreement with Defendants about how many blankets he was allowed to have in his cell at Pinckneyville Correctional Center.

18. Plaintiff Toliver was attacked in the shower by Defendants Kellerman, Hicks, Hubler, Dedecker.

19. During the attack on Toliver in the shower, Defendants Kellerman, Hicks, Hubler, and Dedecker used excessive and unnecessary force and each failed to intervene in the misconduct of the others despite having the opportunity to do so.

20. Plaintiff Toliver was moved back to his cell and all items including but not limited to the mattress were removed.

21. Right before the shift change, the items were returned.

22. Despite the obvious need for medical attention as a result of their attack and Defendants' subjective awareness of the need for medical attention, Defendants delayed medical attention to Plaintiffs, causing them pain and suffering.

23. Plaintiff McReaken suffered hearing loss and Plaintiff Toliver suffered a broken wrist and nasal bone as a result of the Defendants' unlawful use of force. Both Plaintiffs also suffered other physical injuries.

24. As a direct and proximate result of the excessive force, denial of medical care, and failure to intervene, Plaintiffs suffered physical injuries, severe pain and suffering, anguish and humiliation, and fear.

## COUNT I: Excessive Force – Cruel and Unusual Punishment
**Against Defendants Kellerman, Hicks, Hubler, Dedecker, and Cleland**

25. Plaintiffs adopt and re-allege the above paragraphs as though fully set forth herein.

26. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under the color of law, constituted excessive force and cruel and unusual punishment in violation of the Fourth and Eighth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

27. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

28. As a proximate result of the above-detailed actions of Defendants, Plaintiffs were injured, including severe pain, injury, mental suffering, anguish and humiliation, and fear.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Denial of Medical Care
**Against Defendants Kellerman, Hicks, Hubler, Dedecker, and Cleland**

29. Plaintiffs adopt and re-allege the above paragraphs as though fully set forth herein.

30. Defendants were subjectively aware of the objectively serious medical problems suffered by Plaintiffs.

31. Defendants intentionally and with reckless indifference denied Plaintiffs' care in part to cover up for their unlawful use of force.

32. The misconduct described in the Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs and others.

33. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including severe pain, injury, mental suffering, anguish and humiliation, and fear.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Failure to Intervene
### Against Defendants Kellerman, Hicks, Hubler, Dedecker, and Cleland

34. Plaintiff adopts and re-alleges the above paragraphs as though fully set forth herein.

35. Despite the opportunity to do so, Defendants failed to intervene in the misconduct of each other when Plaintiffs were attacked, denied medical care, and retaliated against for their complaints about the conditions of their confinement on November 7, 2019.

36. The misconduct described in the Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including severe pain, injury, mental suffering, anguish and humiliation, and fear.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Retaliation
### Against Defendants Kellerman, Hicks, Hubler, Dedecker, and Cleland

38. Plaintiffs adopt and re-allege the above paragraphs as though fully set forth herein.

39. Plaintiffs have a constitutional right to complain about the conditions of their confinement.

40. Defendants intentionally used unnecessary and unreasonable force in violation of the Fourth and Eighth Amendments.

41. Plaintiffs' protected speech was a reason that Defendants used unlawful and unnecessary force against Plaintiffs.

42. Defendants' use of force in retaliation for complaints about their conditions of confinement would be likely to deter an average person in Plaintiffs' circumstances from engaging in similar protected speech about the conditions of confinement.

43. The misconduct described in the Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs and others.

44. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including severe pain, injury, mental suffering, anguish and humiliation, and fear.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

SCOTT MCREAKEN

ANTHONY TOLIVER

By: /s/ Jared Kosoglad
Plaintiff's Attorney
Jared S. Kosoglad, P.C.
223 W. Jackson, Suite 200
Chicago, IL 60606
T: 312-513-6000
E: jared@jaredlaw.com