IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT McREAKEN and ANTHONY TOLIVER, <br><br>      **Plaintiffs,**<br><br>v.<br><br>NEIL KELLERMAN, LUKE HICKS, KEITH HUBLER, BRADLEY DEDECKER and DEREK CLELAND,<br><br>      **Defendants.** | Case No. 21-CV-00584-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiffs Scott McReaken and Anthony Toliver, both inmates in the Illinois Department of Corrections housed at Pinckneyville Correctional Center ("Pinckneyville") during the relevant times, filed this action under 42 U.S.C. § 1983 for alleged violations of their constitutional rights for excessive force and failure to intervene, occurring in separate incidents during their stay at Pinckneyville. (Docs. 1, 49). The Court recently partially granted summary judgment and Defendant Derek Cleland is no longer associated with Toliver's claims (Doc. 53). Now before the Court is Defendants' Motion for Separate Trials (Doc. 67) under Federal Rule of Civil Procedure 42(b). Defendants argued that the cases are unrelated and should be separated for trial purposes.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit

addressed the difficulties of administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Id.* Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." If the requirements for permissive joinder are satisfied, complaints filed by multiple plaintiffs can proceed together in the same action. *See Boriboune*, 391 F.3d at 855; FED. R. CIV. P. 20.

Even where the requirements for permissive joinder are satisfied, a district court may turn to other civil rules to manage a multi-plaintiff case. At any time, a district court may sever claims, add or drop parties, order separate trials, or issue pretrial orders. *See Boriboune*, 391 F.3d at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)). When making such decisions, district courts are accorded broad discretion. *See Chavez v. Ill. State Police*, 251 F. 3d 612, 632 (7th Cir. 2001). The Seventh Circuit has stated, "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" or create "prejudice, expense or delay." *Id.* (quotations and citations omitted).

While it might be a close call, the basic requirements for permissive joinder are probably satisfied here. The question is whether Plaintiffs should proceed together in

a single trial. Under Federal Rule of Civil Procedure 42(b), for "convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Rule 42(b) permits a district court to "separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy." *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (citing *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999)). When deciding whether to order separate trials, the "court must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008).

Here, the relevant factors weigh in favor of separate trials for each Plaintiff. Severance of Plaintiffs' claims for trial will further the aims of fairness and judicial economy. Proof of wrongdoing will be unique to each specific incident. The likelihood of juror confusion if this case were tried as a whole is great in light of the number of persons involved, the different persons related to different claims, and the different incidents being contested. Jurors will likely look at the separate incidents in aggregate when determining the veracity and liability of the parties.

Given all of this, the Court finds that allowing the Plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, prejudice, and cost. The Court deems it appropriate to require the Plaintiffs to proceed with their claims in separate trials.

## CONCLUSION

Consequently, Defendants' Motion for Separate Trials (Doc. 67) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: December 6, 2024**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
