IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT McREAKEN and ANTHONY TOLLIVER, <br><br> **Plaintiffs,** <br><br> v. <br><br> NEIL KELLERMAN, LUKE HICKS, KEITH HUBLER, BRADLEY DEDECKER, and DEREK CLELAND, <br><br> **Defendants.** | Case No. 21-CV-00584-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for the purposes of docket management. Plaintiffs Scott McReaken and Anthony Toliver, both inmates in the Illinois Department of Corrections housed at Pinckneyville Correctional Center ("Pinckneyville") during the relevant times, filed this action pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights for excessive force and failure to intervene, occurring in separate incidents during their stay at Pinckneyville. (Docs. 1, 49). On September 26, 2024, this Court partially granted summary judgment and dismissed Toliver's claims against Defendant Derek Cleland. (*See* Doc. 53). On October 16, 2024, this case was set for a January 13, 2025 jury trial. (*See* Doc. 58). On November 1, 2024, the Defendants filed a Motion for Separate Trials (Doc. 67); this Court granted this Motion on December 6, 2024. (Doc. 82). This Court

subsequently granted the Defendants' Motion to Continue Trial on December 23, 2024 (*see* Docs. 88, 89). This case was to be set for trial following settlement conferences scheduled for January 7, 2024; Plaintiff Toliver's case did not settle and Plaintiff McReaken's settlement conference was subsequently cancelled. (*See* Doc. 90).

Recall that this Court already assessed the permissive joinder requirements in its previous Order granting the Defendants' Motion for Separate Trials. (*See* Doc. 82). Although the Plaintiffs in this case satisfy the requirements for permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure, the Court has the discretion to sever a party at any time. *See* FED. R. CIV. P. 21. The Seventh Circuit has stated:

> [T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.

*Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted). As this Court noted when it granted the Defendants' Motion for Separate Trials (*see* Doc. 82), it is clear that allowing the Plaintiffs to proceed with separate trials while on the same case docket will only create unnecessary "prejudice, expense or delay." *Id.* (quoting CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1652 at 396 (2001)).

Here, the same factors that weighted in favor of having separate trials also indicate that the Plaintiffs' claims should be severed into two separate cases. Severance of Plaintiffs' claims into separate cases will further the aims of fairness and judicial economy. Proof of wrongdoing will be unique to each specific Plaintiff and

to each specific incident. Although the Plaintiffs have argued that these events occurred during the same shift in the same shower cell, (*see* Doc. 74, pp. 2–3), there are no third-party witnesses that have been deposed in this case. (*See* Doc. 75, p. 2). There is a high likelihood of juror confusion if both Plaintiffs' claims were tried together in light of the number of persons involved, the different persons related to different claims (especially with the dismissal of Plaintiff Toliver's claims against Defendant Cleland but not McReaken's claims against Defendant Cleland), and the different incidents being contested. Jurors will likely aggregate the separate incidents when determining the veracity and liability of the parties in this matter.

Given all of this, the Court finds that allowing the Plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, prejudice, and cost, necessitating that each Plaintiff proceed to trial in a separate case. However, this does not prevent future consolidation by the Court pursuant to Federal Rule of Civil Procedure 42(a) at a later time as necessary for efficiency. Because of the overlap of claims in this case, and the potential that some claims may be consolidated for the purposes of discovery or trial in the future, the undersigned shall be assigned to the newly severed cases.

## DISPOSITION

For the reasons stated above, Plaintiff Toliver is **TERMINATED** as a party in the instant action. The Clerk of Court is **DIRECTED to OPEN** a new case for Plaintiff Toliver, captioning it as follows:

**ANTHONY TOLIVER**, Plaintiff v. **NEIL KELLERMAN, LUKE HICKS, KEITH HUBLER, and BRADLEY DEDECKER**, Defendants.

The Clerk of Court is further **DIRECTED** to assign the undersigned judge to the newly severed case and to file the following documents from the original case in the new case:

(1) This Memorandum and Order;
(2) The Complaint (Doc. 1);
(3) The Screening Order (Doc. 6);
(4) The Answer to the Complaint filed by Defendants Derek Cleland, Luke Hicks, Keith Hubler, and Neil Kellerman (Doc. 13)
(5) The Answer to the Complaint filed by Defendant Bradley Dedecker (Doc. 15);
(6) The Motion for Summary Judgment (Doc. 45);
(7) The Response in Opposition to the Motion for Summary Judgment (Doc. 52);
(8) The Order on the Motion for Summary Judgment (Doc. 53);
(9) The Motion for Separate Trials (Doc. 67);
(10) The Response in Opposition to the Motion for Separate Trials (Doc. 74);
(11) The Order on the Motion for Separate Trials (Doc. 82).

The filing fees in the new case are deemed satisfied. Finally, the Clerk is **DIRECTED** to change the caption of this case to: SCOTT MCREAKEN, Plaintiff v. NEIL KELLERMAN, LUKE HICKS, KEITH HUBLER, BRADLEY DEDECKER, and DEREK CLELAND, Defendants. Only Plaintiff McReaken will proceed in this action. Once this action is completed, this Court will set trial dates for each separate case.

**IT IS SO ORDERED.**

**DATED: January 14, 2025**

                                            *s/ Stephen P. McGlynn*
                                            **STEPHEN P. McGLYNN**
                                            **U.S. District Judge**