IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT McREAKEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEIL KELLERMAN, LUKE HICKS,<br>KEITH HUBLER, BRADLEY<br>DEDECKER and DEREK<br>CLELAND,<br><br>　　　　Defendants. | Case No. 21-CV-00584-SPM |
| ANTHONY TOLIVER,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NEIL KELLERMAN, LUKE HICKS,<br>KEITH HUBLER and BRADLEY<br>DEDECKER,<br><br>　　　　Defendants. | Case No. 25-CV-00059-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

　　　　This matter comes before the Court for consideration of Plaintiffs' Motion to Consolidate Trials Pursuant to Rule 42(a). *McReaken v. Kellerman et al.*, Case No. 21-CV-00584-SPM (Doc. 100); *Toliver v. Kellerman et al.*, Case No. 25-cv-00059 (Doc. 18). Plaintiffs Scott McReaken and Anthony Toliver, both inmates at the Illinois Department of Corrections housed at Pinckneyville Correctional Center ("Pinckneyville") during the relevant times, filed this action pursuant to 42 U.S.C. §

1983 for alleged violations of their constitutional rights for excessive force and failure to intervene, occurring in separate incidents during their stay at Pinckneyville. *McReaken* (Doc. 1); *Toliver* (Doc. 1). On September 26, 2024, this Court partially granted summary judgment and dismissed Toliver's claims against Defendant Derek Cleland. *Toliver* (*See* Doc. 8). On October 16, 2024, this case was set for a January 13, 2025, jury trial. *McReaken* (*See* Doc. 58). On November 1, 2024, the Defendants filed a Motion for Separate Trials. *McReaken* (Doc. 67); *Toliver* (Doc. 9). This Court granted Defendants' Motion on December 6, 2024. *McReaken* (Doc. 82); *Toliver* (Doc. 11). This Court subsequently severed the cases *sua sponte* in accordance with Federal Rule of Civil Procedure 21 into two separate cases: *McReaken v. Kellerman et al.*, Case No. 21-cv-00584-SPM and *Toliver v. Kellerman et al*, Case No. 25-cv-00059-SPM. *McReaken* (Doc. 92); *Toliver* (Doc. 1).

This Court has previously wrestled with the issues raised in Plaintiff's Motion to Consolidate Trials in its prior Orders for Separate Trials and Severing the Cases. This Court reserved the right to revisit the difficult question of whether McReaken's and Toliver's claims should be tried together before the same jury pursuant to Federal Rule of Civil Procedure 42(a) in its Order Severing the Cases. *McReaken* (Doc. 92, p. 3); *Toliver* (Doc. 1, p. 3). The Court has previously acknowledged and maintains that it is a close call, *McReaken* (s*ee* Doc. 82, p. 2); *Toliver* (*see* Doc. 11, p. 2), but in light of the arguments raised in Plaintiff's pending Motion and further development of the facts raised at Oral Argument for this matter, the Court believes that the interests of justice are best served by ordering these two cases to be tried together.

Recall that Federal Rule of Civil Procedure 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." If the requirements for permissive joinder are satisfied, complaints filed by multiple plaintiffs can proceed together in the same action. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); FED. R. CIV. P. 20. District courts are required to accept joint complaints filed by multiple prisoners if the criteria for permissive joinder are met. *Id.*

Even where the requirements for permissive joinder are satisfied, a district court may turn to other Rules to manage a multi-plaintiff case. At any time, a district court may sever claims, add or drop parties, order separate trials, or issue pretrial orders. *See Boriboune*, 391 F.3d at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)). When making such decisions, district courts are accorded broad discretion. *See Chavez v. Ill. State Police*, 251 F. 3d 612, 632 (7th Cir. 2001). The Seventh Circuit has stated, "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" or create "prejudice, expense or delay." *Id.* (quotations and citations omitted).

As this Court has previously acknowledged, while a close call, the basic requirements for permissive joinder of McReaken's and Toliver's claims are met here. *McReaken* (s*ee* Doc. 82, p. 2); *Toliver* (*see* Doc. 11, p. 2). McReaken and Toliver assert

claims of alleged violations of their constitutional rights for excessive force and failure to intervene that arise out of the same series of transactions or occurrences. Plaintiffs allege that the incidents giving rise to their claims took place within the same working shift as one another, in the same location, and involve some overlapping key players. *McReaken* (*See* Doc. 100, p. 2); *Toliver* (*See* Doc. 18, p. 2). Further, plaintiffs allege that the Defendants' actions proceeding the alleged incidences were done in concert in an effort to cover up the alleged incidences. *McReaken* (*See* Doc. 100, p. 3); *Toliver* (*See* Doc. 18, p. 3). Further, a common question of fact may arise in the jury's efforts to determine whether Defendants acted with a particular state of mind throughout the day of the alleged incidences of abuse.

Additionally, recall that Federal Rule of Civil Procedure 42(a) permits the court to "join for hearing or trial any or all matters at issue in the actions." When deciding whether to order separate trials, the "court must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008).

Plaintiffs argue in their Motion for Consolidation of Trials that Defendants took action against both McReaken and Toliver for a similar motive, namely, to inflict physical abuse in retaliation for minor transgressions. *McReaken* (*See* Doc. 100, p. 3); *Toliver* (*See* Doc. 18, p. 3). Further, Plaintiffs argue that the Defendants' states of mind throughout various points in the day are relevant and highly probative to their motive and credibility. *McReaken* (*See* Doc. 100, p. 4); *Toliver* (*See* Doc. 18, p. 4). Plaintiffs additionally argue that a joint trial would permit the Plaintiffs to put

forward relevant and probative evidence that the Defendants allegedly inflicted physical abuse in the shower cell because it is a known blind spot to security surveillance cameras. *Id.* Plaintiffs also argue that several features of McReaken's abuse tend to prove Toliver's abuse, and vice versa, and that Plaintiffs cannot fairly prove their claims without proof of the other. *Id.*

Defendants argue that evidence of one Plaintiff's claims of abuse are not relevant to the other Plaintiff's claims of abuse, and that introducing evidence of the others' claims of abuse is improper "other bad acts" propensity evidence under Federal Rule of Evidence 404(b)(1). *McReaken* (*See* Doc. 101, pp. 4–5); *Toliver* (*See* Doc. 19, pp. 4–5). The Defendants argue that allowing the jury to learn of the other Plaintiff's claims of alleged abuse by similar actors on the same day will unfairly prejudice the Defendants, causing the jury to use proof of one alleged incident as proof of the other. *Id.*

In response, Plaintiffs argue that evidence that one Plaintiff complained of alleged abuse *is* relevant to the other Plaintiff's complaints of alleged abuse because it shows that the Defendants operated with a similar motive, opportunity, intent, preparation, and plan, and is therefore admissible under Federal Rule of Evidence 404(b)(2). *McReaken* (*See* Doc. 100, p. 4); *Toliver* (*See* Doc. 18, p. 4).

While the Court does not make a substantive decision on the merits of the Parties' arguments regarding the admissibility of any evidence at this time, the Court anticipates that the issues raised regarding these evidentiary issues can effectively be resolved in a joint trial of the two cases. The Court believes that the potential for

prejudice against either Party is best mitigated in a joint trial of these cases, and that the interests of justice demand that McReaken and Toliver try their cases together.

## CONCLUSION

Consequently, Plaintiff McReaken's Motion to Consolidate Trials Pursuant to Federal Rule of Civil Procedure 42(a) (Doc. 100) and Plaintiff Toliver's Motion to Consolidate Trials Pursuant to Federal Rule of Civil Procedure 42(a) (Doc. 18) are **GRANTED**.

**IT IS FURTHER ORDERED** that the joint trial of cases *McReaken v. Kellerman et al.*, Case No. 21-CV-00584-SPM and *Toliver v. Kellerman et al.*, Case No. 25-cv-00059 is set for May 5, 2025, at 9:00am.

**IT IS SO ORDERED.**

DATED:  February 25, 2025

s/ *Stephen P. McGlynn*

**STEPHEN P. McGLYNN**

**U.S. District Judge**
