IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT McREAKEN,<br><br>        Plaintiff,<br><br>v.<br><br>NEIL KELLERMAN, LUKE HICKS, KEITH HUBLER, BRADLEY DEDECKER and DEREK CLELAND,<br><br>        Defendants. | Case No. 21-CV-00584-SPM |
| ANTHONY TOLIVER,<br><br>        Plaintiffs,<br><br>v.<br><br>NEIL KELLERMAN, LUKE HICKS, KEITH HUBLER and BRADLEY DEDECKER,<br><br>        Defendants. | Case No. 25-CV-00059-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for the purposes of docket management. Plaintiffs Scott McReaken and Anthony Toliver, both inmates at the Illinois Department of Corrections housed at Pinckneyville Correctional Center ("Pinckneyville") during the relevant times, filed this action pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights for excessive force and failure to intervene, occurring in separate incidents during their stay at Pinckneyville.

*McReaken* (Doc. 1); *Toliver* (Doc. 1). On September 26, 2024, this Court partially granted summary judgment and dismissed Toliver's claims against Defendant Derek Cleland. *See Toliver* (Doc. 8). On October 16, 2024, this case was set for a January 13, 2025, jury trial. *See McReaken* (Doc. 58). On November 1, 2024, the Defendants filed a Motion for Separate Trials. *McReaken* (Doc. 67); *Toliver* (Doc. 9). This Court granted Defendants' Motion on December 6, 2024. *McReaken* (Doc. 82); *Toliver* (Doc. 11). This Court subsequently severed the cases *sua sponte* in accordance with Federal Rule of Civil Procedure 21: *McReaken v. Kellerman et al.*, Case No. 21-cv-00584-SPM and *Toliver v. Kellerman et al*, Case No. 25-cv-00059-SPM. *McReaken* (Doc. 92); *Toliver* (Doc. 1). Following this decision, Plaintiffs both filed a Motion to Consolidate Trials on January 28, 2025. *McReaken* (Doc. 100), *Toliver* (Doc. 18). This Court heard arguments on the Motions on February 21, 2025, *McReaken* (Doc. 104), *Toliver* (Doc. 23), and granted the Motions for the two cases to be tried together on February 25, 2025. *McReaken* (Doc. 105), *Toliver* (Doc. 24).

This Court has carefully considered the issues raised by the parties in its decision to try McReaken's and Toliver's cases together. *McReaken* (Doc. 105), *Toliver* (Doc. 24). In light of the arguments raised in Plaintiff's Motions for Consolidation of Trials and further development of the facts raised at Oral Argument for that matter, the Court believed that the interests of justice were best served by ordering the two cases to be tried together. *McReaken* (Doc. 105), *Toliver* (Doc. 24). This Court has acknowledged on more than one occasion that McReaken's and Toliver's claims of alleged violations of their constitutional rights for excessive force and failure to

intervene arise out of the same series of transactions or occurrences and may raise common questions of law or fact, thus satisfying the requirements for joinder pursuant to Federal Rule of Civil Procedure 20. *McReaken* (s*ee* Doc. 82, p. 2; Doc. 105); *Toliver* (*see* Doc. 11, p. 2; Doc. 24).

Even where the requirements for permissive joinder are satisfied, a district court may turn to other Rules to manage a multi-plaintiff case. Federal Rule of Civil Procedure 42(a) permits the court to "join for hearing or trial any or all matters at issue in the actions" as well as "consolidate the actions." *See also Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Can.*, 210 F.3d 771, 774 (7th Cir. 2000). A district court "enjoy[s] substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). A court may consider such factors as whether consolidation may deprive a party of any substantial rights which it might have possessed had the actions proceeded separately, and the prejudice that may be present to one or more parties. *Reedus v. McDonough*, No. 1:21-CV-00357-HAB-SLC, 2022 WL 621036, at *3 (N.D. Ind. Mar. 3, 2022) (citing *Hall*, 584 U.S. at 76).

For the same reasons this Court has decided to try the claims together, this Court believes that the interests of justice, the particular facts of this case, and the interests of judicial economy and case management favor consolidating McReaken's and Toliver's cases into one case. Plaintiffs allege that the incidents giving rise to their claims took place within the same working shift as one another, in the same location, and involve some overlapping key players. *See McReaken* (Doc. 100, p. 2);

*Toliver* (*See* Doc. 18, p. 2). Further, Plaintiffs allege that the Defendants' actions proceeding the alleged incidences were done in concert in an effort to cover up the alleged incidences. *See McReaken* (Doc. 100, p. 3); *See Toliver* (Doc. 18, p. 3). While Defendants argue that the potential for prejudice to the jury is great, this Court believes that issues of admissibility of evidence and other procedural safeguards available during trial will best protect the interests of fairness and justice to both parties.

## DISPOSITION

For the reasons stated above, the Court hereby **CONSOLIDATES** *McReaken v. Kellerman et al.*, Case No. 21-cv-00584-SPM and *Toliver v. Kellerman et al*, Case No. 25-cv-00059-SPM. All future filings shall bear the consolidated caption used in this order and shall be filed only in *McReaken v. Kellerman et al.*, Case No. 21-cv-00584-SPM. The Court will strike any filings in Case No. 25-cv-00059-SPM subsequent to this Order. The Order setting trial for May 5, 2025, at 9:00am and other deadlines for pre-trial motions remain in effect for the consolidated case. (*See* Doc. 106).

The Clerk of Court is **DIRECTED** to **CONSOLIDATE** these cases and to file a copy of this Order in both cases.

**IT IS SO ORDERED.**

**DATED:  March 6, 2025**

*s/ Stephen P. McGlynn*

**STEPHEN P. McGLYNN**

**U.S. District Judge**

Case 3:21-cv-00584-SPM  Document 107  Filed 03/06/25  Page 5 of 5  Page ID #736